TEXAS PLANT CO. *v.* MILAM.

(Division A. April 11, 1938.)

[180 So. 86. No. 33139.]

**M. T. Adams** and **C. T. Hutchinson**, both of Tupelo, for appellant.

Blair & Anderson, of Tupelo, for appellee.

McGehee, J., delivered the opinion of the court.

The question presented for decision on this appeal is whether error was committed by the court below in refusing a peremptory instruction to the jury to find for

the appellant in the full amount sued for on a check in the sum of $589.57, given by the appellee, L. G. Milam, a broker at Tupelo, Miss., payable to the order of the Price Plant Company, a corporation doing business at San Antonio, Tex., which check is complete and regular on its face, and is alleged to have been negotiated for value by indorsement and delivery to the appellant, as a holder in due course, within the meaning of the Uniform Negotiable Instruments Law.

The check was mailed from Tupelo, Miss., on March 1, 1935, to the payee, the Price Plant Company, for the purchase price of three hundred crates of onion plants ordered by appellee for planting purposes, and sold on commission by him for the payee to the Copeland-Shaw & King grocery companies, local wholesale grocers. The plants were packed and shipped in ventilated containers, and upon their arrival, on the day the check was forwarded, they appeared to be in good condition, though of inferior grade and size. It was not then discovered that they were unfit for the purpose intended. However, on being unpacked by the retail merchants about four or five days later, it was found that they were in bad condition from wet-rot, and were worthless to such an extent that only $28.83 was realized from the sale thereof. This sum of money was tendered in court, and a verdict was accordingly rendered, from which it follows that the jury found, and we think under the evidence was warranted in finding, that there had been a failure of consideration for the check, except to the extent of this amount so collected by the local grocers from their retail customers.

Discussing now the question as to whether or not the appellant was a purchaser of the check in good faith and for value, and a holder thereof in due course, so as to be entitled to recover the full amount, regardless of any defense existing in favor of the maker, as against the payee named therein, the proof shows that when the

appellee discovered on March 5th that there had been an almost total failure of consideration, he immediately advised the Price Plant Company of the fact by wire, at its office in San Antonio, the telegram arriving at San Antonio at 11:48 a. m. The appellee, not having received a reasonably prompt reply, sent a further telegram, advising that payment on the check would be stopped unless an agreement was made for adjustment of the loss.

It appears that one J. L. Price, of San Antonio, was the president of the Price Plant Company, and that his brother, L. K. Price, was also engaged in the business of selling plants, under the trade-name of the Texas Plant Company, the appellant, with his principal place of business at Crystal City, Tex.; and likewise maintained a branch office at San Antonio. On the same day that these telegrams were received from the appellee, it is claimed by J. L. Price, on behalf of the Price Plant Company, in his testimony given by deposition, that he went to the office of the appellant, Texas Plant Company, at about 10 o'clock a. m., which we assume was during banking hours, indorsed the check in the name of his company, and obtained the cash thereon from an employee of the appellant, Texas Plant Company, so owned and operated by his brother, L. K. Price, as aforesaid; that the check was deposited in a local bank at about the same hour, to the credit of the appellant, the Texas Plant Company, and without notice on the part of either company as to the complaint contained in the telegrams received from the appellee. It further appears that L. K. Price was absent that day from the city, and knew nothing of the transaction, except that his bank book and account showed the deposit of the check to the credit of his company. His employee, who is alleged to have cashed the check, did not testify.

At the trial the proof disclosed that the indorsement on the check of the name of Price Plant Company, and

the indorsement of the name of Texas Plant Company, were in the same handwriting, according to the testimony of a banker at Tupelo who qualified as a handwriting expert. Moreover, J. L. Price, who claimed to have negotiated the check on behalf of the payee, the Price Plant Company, in giving his deposition a year after the alleged negotiation of the check, was able to fix the hour at which the check was deposited at the local bank in San Antonio, to the credit of the Texas Plant Company. How he knew in the first instance, or later remembered, the hour when the deposit was made in the name of the transferee, does not appear, and the jury could have reasonably inferred that he could not have known this fact unless he indorsed both the name of the payee and that of the transferee on the check, carried it to the bank himself, and obtained the duplicate deposit slip which he made an exhibit to his deposition at a time when the Texas Plant Company's records were in storage at Crystal City, Tex., nearly a year after it had ceased to do business in that state, and when his brother's address was to him unknown.

It is true that under the Negotiable Instruments Law the appellant is presumed to be a holder in good faith and for value, and in due course, but the maker of the check, in meeting the burden of proof to show the contrary, was entitled to prove the lack of good faith, and the want of any payment of value, on the part of the appellant, by proof of the attendant circumstances in the same manner as other facts may be proven.

In addition to the foregoing facts, the jury was entitled to consider the circumstance that the appellee, as a broker, was permitted to sell plants for both the Price Plant Company and the Texas Plant Company, under his commission contract with the payee, Price Plant Company, as well as the fact that J. L. Price testified that during such periods as L. K. Price would be absent from his branch office in San Antonio he "would look

after his affairs for him." In view of the fact that L. K. Price was absent on the day of the alleged transaction, the jury was justified in believing that J. L. Price was acting in a dual capacity as president of the Price Plant Company, and as agent of the Texas Plant Company, when he indorsed the names of both companies on the check in question, and the jury had a right to infer, from the circumstances, that in the absence of L. K. Price from San Antonio on that day, the check was cashed, if at all, by an employee of L. K. Price at the office, at the instance and under the direction of the said J. L. Price while acting as agent of L. K. Price in his absence, and that whatever knowledge he had in one capacity he also had in the other.

After payment of the check was stopped by the appellee, we assume that the amount thereof was charged back to the account of the appellant, Texas Plant Company, on the books of the bank, and under all the facts and circumstances we are of the opinion that the jury was warranted in finding that no money was paid out by anyone in connection with the transaction; that in fact the check was never negotiated, but merely indorsed by J. L. Price in the name of Price Plant Company, and also by him in the name of the Texas Plant Company, and deposited in the name of the latter by him for collection, to avoid any defense thereto by the maker, as well as to avoid the effect of a judgment lien then held against the insolvent payee. Neither the court nor the jury was required to accept as true the statement of the witness J. L. Price to the effect that the alleged negotiation was completed at an earlier hour of the day than the receipt by him of the telegram from the appellee, in view of all the facts and circumstances disclosed by this record.

The issue was properly submitted to the jury, and we are unable to say that its finding was not correct.

Affirmed.